UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SR. WARIO, and MARIA ISABEL WARIO,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS, LLC, a Delaware Limited Liability Company, and DOES 1 – 10, inclusive,<br><br>Defendants. | No. 1:25-cv-01720-KES-FJS<br><br>ORDER DENYING MOTION TO REMAND<br><br>Doc. 7 |

Plaintiffs Jorge Luis Sr. Wario and Maria Isabel Wario ("plaintiffs") filed this case in Madera County Superior Court alleging that defendant General Motors LLC ("GM") violated multiple provisions of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1793.2. GM removed the action to this court based on diversity jurisdiction. Doc. 1. Plaintiffs now move to remand. Doc. 7. For the reasons stated below, plaintiffs' motion to remand is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

On September 2, 2025, following their purchase of a 2025 Chevrolet Trax vehicle, plaintiffs filed this "lemon law" action against GM in Madera County Superior Court. Doc. 1-1. Plaintiffs allege that the vehicle exhibited numerous defects, and that when they presented the

vehicle to GM for repairs, GM failed to adequately repair the vehicle, replace it, or provide a refund. *Id.* ¶¶ 12, 14–15; Doc. 9-3 at 3. Plaintiffs assert causes of action against GM and Doe defendants for breach of express and implied warranties and violation of the Song-Beverly Act's requirement for timely repairs. *See* Doc. 1-1.

GM removed the case to this Court on December 2, 2025, based on diversity jurisdiction. Doc. 1 at 1. In its Notice of Removal, GM asserts that this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000 and the parties are completely diverse. *Id.* at 3–4. Plaintiffs do not dispute GM's assertion that plaintiffs are citizens of Merced, California, and that GM is a company registered in Delaware. *See* Doc. 1 at 3–4; Doc. 7. GM asserts that, though the amount in controversy and diversity of citizenship were not apparent on the face of the complaint, GM ascertained that the amount in controversy was satisfied after receiving the purchase agreement from plaintiffs on November 7, 2025. *Id.* at 4; Doc. 1 at 7–8.

On December 30, 2025, plaintiffs filed a motion to remand this case to state court, arguing that GM's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1) and that GM failed to plausibly allege that the amount in controversy was met. Doc. 7 at 2. GM filed an opposition, *see* Doc. 9, and plaintiffs filed a reply, *see* Doc. 10.

## II. LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or when there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

To remove a case to federal court, the defendant must timely file a notice of removal. 28 U.S.C. § 1446(a)–(c). The notice of removal can be filed either: (1) within thirty days of receipt of the complaint, 28 U.S.C. § 1446(b)(1), or (2) "if the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3). *See Harris v. Bankers Life & Cas. Co.*, 425

F.3d 689, 692–93, 695 (9th Cir. 2005).

## III. DISCUSSION

Plaintiffs' motion to remand takes two contradictory positions: First, they assert that GM failed to timely remove under 28 U.S.C. § 1446(b)(1) because it is clear from the face of the complaint that the amount of controversy is greater than $75,000 and the parties are diverse. Doc. 7 at 10–13. Second, they argue that GM has not met its burden to show that the amount in controversy is greater than $75,000. Doc. 7 at 14–16 ("Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's actual damages approach or exceed $75,000."). Plaintiff's motion fails on both grounds.

### A. GM Timely Removed.

GM timely removed this action. After receiving a copy of the purchase agreement for plaintiffs' vehicle on November 7, 2025, GM was able to ascertain that the amount in controversy threshold was satisfied. GM filed its Notice of Removal on December 2, 2025, within the thirty-day period under 28 U.S.C. § 1446(b)(3).

Plaintiffs argue that GM's removal was untimely under 28 U.S.C. § 1446(b)(1) because, they argue, it is clear from the complaint—which was served two months before the purchase agreement—that the parties are diverse and that the amount in controversy was greater than $75,000. Doc. 7 at 8, 10–13. As to diversity of citizenship, plaintiffs are incorrect. The complaint states: "Plaintiffs are, and at all times relevant herein were, *residents* of Merced, California." Doc. 1-1 at ¶ 2 (emphasis added). A person's citizenship is determined by their state of domicile, not their state of residence. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Stating one's residence in a complaint is insufficient to put a defendant on notice of one's domicile. *See Harris*, 425 F.3d at 695–96. As diversity of citizenship is not ascertainable from the complaint, GM was not obligated to remove under 28 U.S.C. § 1446(b)(1), and the Court need not address whether the amount in controversy was ascertainable from the complaint.

### B. GM Has Established that the Amount in Controversy is Met.

Once a plaintiff challenges the allegations for removal jurisdiction, the defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy

exceeds $75,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014). Because plaintiffs seek rescission of the contract and restitution of all consideration expended in the purchase of the vehicle, as well as civil penalties up to two times the amount of actual damages, attorneys' fees, and other relief, the amount in controversy is met, as explained in more detail below.

**1. Actual Damages**

The Court agrees with other courts which have found that actual damages are calculated by identifying the total cash price stated on the Retail Installment Sales Contract, adding any interest paid, subtracting the "mileage offset" (that is, the "amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity," Cal. Civ. Code § 1793.2(d)(2)(B)–(C)), and subtracting any "third-party offsets" (that is, any "optional equipment, service contracts, or GAP financing purchased by the plaintiff during the motor vehicle purchase or lease transaction from third parties," Cal. Civ. Proc. Code § 871.27). *See, e.g., Alvarado v. FCA US, LLC*, No. EDCV17505JGBDTBX, 2017 WL 2495495, at *4 (C.D. Cal. Jun. 8, 2017); *Gerber v. FCA US LLC*, No. 17-CV-0518-AJB-BGS, 2017 WL 2705428, at *2 (S.D. Cal. Jun. 23, 2017); *Luna v. FCA US LLC*, No. 21-CV-01230-LHK, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021).

The Retail Installment Sale Contract lists the total cash price as $32,780.39. Doc. 9-2 at 3. The parties provide no information about how much interest has been paid, so the Court declines to factor this into the analysis. The mileage offset is $800.11.[1] And GM identified $2,090 in third-party offsets. Doc. 9 at 24. Therefore, the actual damages are $29,890.28.

///

///

[1] The mileage offset is calculated by "subtracting mileage at purchase from the mileage at first repair for an alleged defect, dividing that amount by 120,000, and multiplying that sum by the purchase price." *Guzetta v. Ford Motor Co.*, No. 21-cv-9151, 2022 WL 1044173, at *4 (C.D. Cal. Apr. 5, 2022); *see also* Cal. Civ. Code § 1793.2(d)(2)(C). Plaintiffs purchased the vehicle with 55 miles on the odometer, and when they took the vehicle for an infotainment system repair on March 11, 2025, the odometer read 2,984 miles. Doc. 9-2 at 2; Doc. 9-3 at 3. Therefore, the mileage offset should be as follows: (2,984 - 55)/120,000 x $32,780.39 = $800.11.

### 2. Civil Penalties

To calculate the amount in controversy, the Court must measure the total amount in dispute. *See e.g., Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (noting that the amount in controversy includes "all relief a court may grant on that complaint if the plaintiff is victorious."); *Lewis v. Verizon Commc'ns., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (noting that the amount in controversy is "not a prospective assessment of defendant's liability."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."). California law authorizes civil penalties of up to two times the actual damages for those who willfully violate the Song-Beverly Act. Cal. Civ. Code § 1794(c).

Plaintiffs argue that the Court should not include civil penalties in calculating the amount in controversy unless GM provides evidence that it willfully violated the Song-Beverly Act. But it would be unreasonable to require GM to prove an allegation against itself. *See, e.g., Rahman v. FCA US LLC*, No.: 2:21-cv-02584-SB (JCx), 2021 WL 2285102 at *2 (C.D. Cal. June 4, 2021) (rejecting argument made by the plaintiff that the calculation of amount in controversy should not include civil penalties just because the "[d]efendant has offered no evidence that he is entitled to the maximum penalty 'or, indeed, any penalties at all,'" and stating that "Defendant is not required to prove the case against itself"); *Brooks v. Ford Motor Co.*, CV 20-302 DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act, given that most defendants . . . will deny that it willfully failed to comply . . . ."). The Court will therefore include civil penalties in the damages calculation.

The actual damages of $29,890.28 and maximum civil penalties of $59,780.56 total $89,670.84, exceeding the $75,000 jurisdictional requirement. Any other relief plaintiffs may receive under the Song-Beverly Act, such as attorneys' fees, would further support the Court's conclusion that the amount in controversy is met.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that GM timely filed its notice of removal, Doc. 1, and has shown by a preponderance of the evidence that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000. Plaintiffs' motion to remand, Doc. 7, is therefore denied.

IT IS SO ORDERED.

Dated: August 4, 2026

UNITED STATES DISTRICT JUDGE